**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

|  |  |  |
|---|---|---|
| CALVIN McCLAIN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Warden DONNIE THOMPSON, Deputy | : | |
| Warden CHRISTINE CROSS, Chief | : | |
| Counselor & Grievance Coordinator | : | |
| REMEKA CHRISTIAN, Counselor | : | |
| ANGELA CRANSHAW, Medical Director | : | |
| B. SATTERFIELD, DR. DWAYNE | : | NO. 1:08-CV-159 (WLS) |
| AYERS, P.A. EDWARDS, and Nurses | : | |
| JOHN and JANE DOE, | : | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **CALVIN McCLAIN**, an inmate at Calhoun State Prison ("Calhoun") in Morgan,

Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint

the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action

is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. DISCUSSION

Plaintiff alleges several claims arising out of his confinement at Calhoun. Each of plaintiff's claims is addressed below.

### A. Denial of Medication

Plaintiff alleges that he was denied his medication for diabetes and hypertension for approximately 15 days, from his date of arrival at Calhoun on July 24 through August 8, 2008, which resulted in plaintiff passing out. Nurse Jane Doe apparently stated that before plaintiff could receive his medication, he needed to see a doctor and get new orders concerning his prescriptions. Plaintiff claims he submitted three sick call requests to see a doctor or physician's assistant during

2

this 15 day time period, but his requests went unanswered.  On August 8th, plaintiff alleges he was finally seen by medical and was kept there and given medications every 15 to 30 minutes, from 10:15 a.m. until 3:00 p.m.  Plaintiff appears to name as responsible defendants for this claim Dr. Dwayne Ayers, Nurses Jane and John Doe, and Calhoun Medical Director B. Satterfield.

With regard to the Doe Nurses, the Court has no way of knowing the name of these defendants in order to perfect service of process.  Therefore, no service will be attempted.  It is the **RECOMMENDATION** of the undersigned that plaintiff's claims against the Doe defendants be **DISMISSED** without prejudice to the rights of the plaintiff to file an amended complaint should he subsequently discover their identities.  Plaintiff is advised that if he wishes to replace the Doe defendants with specifically named defendants, he must do so before the applicable statute of limitations expires.  Plaintiff is further advised that if he wishes to proceed against these nurses, he must allege the actions or omissions of each defendant which plaintiff's constitutional rights.

With regard to Dr. Ayers and Medical Director B. Satterfield, the Court notes that plaintiff has provided very little in the way of specific allegations as to the actions or omissions of these two defendants.  Construing plaintiff's allegations liberally in favor of plaintiff, as this Court is required to do, the Court will nevertheless allow plaintiff's medical claim to go forward against Dr. Ayers and Medical Director B. Satterfield.

### B. Grievance Process

Plaintiff complains at length about the mishandling of his grievances regarding the above described denial of medication and the failure to take corrective action, and several of plaintiff's defendants are named solely by virtue of their alleged mishandling of plaintiff's grievances.

3

Plaintiff has not, however, presented any allegations of how he might have been harmed by the mishandling of his grievances.  In any event, the Eleventh Circuit Court of Appeals has held that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. *Dunn v. Martin*, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005).  Consequently, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under section 1983.  *See also Martin v. Harvey*, No. 00-1439, 2001 WL 669983, at *2, 14 Fed.Appx. 307 (6th Cir. June 7, 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

In light of the foregoing, it is **RECOMMENDED** that plaintiff's grievance claims be **DISMISSED** and that defendants Deputy Warden Christine Cross, Chief Counselor and Grievance Coordinator Remeka Christian, and Counselor Angela Cranshaw be **TERMINATED** as defendants herein.

### C. Medical Co-Pay

Plaintiff contends that on October 1, 2008, P.A. Edwards wrongfully charged plaintiff a $5.00 medical co-pay fee.  This allegation does not state a claim for relief.  There is no "general constitutional right to free health care."  *Reynolds v. Wagner*, 128 F.3d 166, 173 (3d Cir. 1997); *accord City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 245 n.7 (1983) ("Nothing we say here affects any right a hospital or government entity may have to recover from a detainee the cost of medical services provided to him.").  Although plaintiff cannot be denied health care based upon his inability to pay, plaintiff makes no allegation that he is unable to pay and, therefore, the

4

imposition of a $5.00 co-payment is not prohibited.   *Reynolds*, 128 F.3d at 173.   The complaint against P.A. Edwards, therefore, should be **DISMISSED**.   It is so **RECOMMENDED**.

### D.  Visitation List

Plaintiff alleges that Calhoun officials refused to place individuals designated by plaintiff on plaintiff's visitation and emergency contact list.   As a result, a $100 money order sent to plaintiff by Ollie McClain, apparently plaintiff's aunt, was rejected by prison officials.   Although visitation and related privileges are generally subject to the discretion of prison officials, *see Ortiz v. Secretary for Dep't of Corrections*, 156 Fed. Appx. 132, 133-34 (11th Cir. Nov. 16, 2005), at this juncture, the Court will allow this claim to go forward against Warden Donnie Thompson.

## III.  CONCLUSION

In light of the foregoing, it is **RECOMMENDED** that plaintiff's allegations relating to grievances and the $5.00 medical co-pay be **DISMISSED** from this action and also that defendants Nurses Jane and John Doe, Deputy Warden Christine Cross, Chief Counselor and Grievance Coordinator Remeka Christian, Counselor Angela Cranshaw, and P.A. Edwards be **DISMISSED** as defendants herein.   Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the Honorable W. Louis Sands within ten (10) days after being served a copy of this order.

In a separate order, the undersigned has directed that plaintiff's allegations concerning denial of medication and his visitation and emergency contact list against defendants Dr. Dwayne Ayers, Medical Director B. Satterfield, and Warden Donnie Thompson be served on said defendants.

**SO RECOMMENDED**, this 28th day of January, 2009.

5

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE