IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CALVIN MCCLAIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:08-CV-159 (WLS) |
| | : | |
| DONNIE THOMPSON, Warden, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Richard L Hodge filed January 28, 2009. (Doc. 6). Pursuant to 28 U.S.C. § 1915(e)(2), Judge Hodge conducted a review of Plaintiff's claims and recommended that Plaintiff's claims relating to grievances and a medical co-pay be **DISMISSED**. Judge Hodge also recommended that Defendants Jane Doe, John Doe, Remeka Christian, Christine Cross, Angela Cranshaw, and P.A. Edwards be **DISMISSED** as defendants from this action. Judge Hodge also recommended that Plaintiff's claims concerning denial of medication and his visitation and emergency contact list against Defendant Dr. Dwayne Ayers and Defendant B. Satterfield continue; and, accordingly, that Plaintiff's Complaint be served upon Defendant Ayers and Defendant Satterfield. Plaintiff filed an objection to the Report and Recommendation on March 19, 2009.[1] (Doc. 25). Defendants filed a response to Plaintiff's objections to the Report and Recommendation on April 20, 2009. (Doc. 26). For the following reasons, Plaintiff's Objections (Doc. 25) are **OVERRULED** and United States Magistrate Judge Hodge's Report and Recommendation (Doc. 6) is **ACCEPTED, ADOPTED** and made the Order of this Court.

---

[1] Plaintiff's objection to the Report and Recommendation is clearly untimely.

1

In the recommendation, Judge Hodge found that Plaintiff's complaint asserted a claim for denial of medication for diabetes and hypertension against Defendants Ayers, Jane Doe, John Doe, and Satterfield.  Judge Hodge recommended dismissal of the Doe defendants based upon impossibility of service upon unknown defendants.  Plaintiff's Complaint alleges that Defendants Cross, Christian, and Cranshaw mishandled his grievances and also that corrective action was not taken for their mishandling.  Judge Hodge found that Plaintiff's claims of mishandling of grievances failed to amount to a cognizable claim for relief, since prisoners do not have a constitutionally protected liberty interest in inmate grievance procedures.  Thus, Judge Hodge recommended dismissal of the claim and termination of Defendants Cross, Christian and Cranshaw as parties to Plaintiff's Complaint.  Judge Hodge also recommended dismissal of Plaintiff's claim which alleged Defendant P.A. Edwards wrongly charged Plaintiff a $5.00 medical co-pay fee.  Judge Hodge found that Plaintiff did not allege that he was unable to pay the fee.  Accordingly, Judge Hodge recommended termination of Defendant P.A. Edwards as a party to the instant action.  Plaintiff further alleged that Calhoun officials unlawfully refused to place individuals designated by Plaintiff on Plaintiff's visitation and emergency contact list.  Judge Hodge allowed the claim to go forward as a cognizable claim against Defendant Thompson

Plaintiff's objection is wholly concerned with his purported claim that his grievances were mishandled and corrective action was not taken.  Thus, Plaintiff objects to the dismissal of Cross, Christian, and Cranshaw as defendants.  Plaintiff asserts that since the filing of his complaint he received a grievance appeal response, and, further, that Cross, Christian, and Cranshaw each knowingly or should have known that they violated policy and procedure. Plaintiff also states that Cranshaw denied Plaintiff due process and possible medical treatment.

As that claim was not presented to Judge Hodge, it may not now be presented belatedly in an objection. Plaintiff's mention of an appeal response to his grievance cannot revive his claim. As Defendants' response to Plaintiff's objection to the Report and Recommendation (Doc. 26) correctly states, exhaustion is required *prior* to a plaintiff filing a legal claim. Nevertheless, Judge Hodge's recommendation of dismissal was not based upon exhaustion; the recommendation was based upon Plaintiff's failure to state a cognizable claim. Grievance procedures are not covered with constitutionally protected liberty interests to give rise to a 42 U.S.C. § 1983 claim. Thus, Judge Hodge's recommendations are appropriate.

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 6) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and reasons stated herein. Plaintiff's claims relating to grievances and a medical co-pay are hereby **DISMISSED**. Accordingly, Defendants Jane Doe, John Doe, Remeka Christian, Christine Cross, Angela Cranshaw, and P.A. Edwards are **DISMISSED** as defendants from this action.

**SO ORDERED**, this  9th  day of September, 2009.

　　　　　　　　　　　　　　　　　　　　　　  /s/W. Louis Sands  
　　　　　　　　　　　　　　　　　　　　　**THE HONORABLE W. LOUIS SANDS,**  
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**