**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| CALVIN MCCLAIN, | : | |
| Plaintiff, | : | |
| VS. | : | Civil File Case No. |
| | : | 1 : 08-CV-159 (WLS) |
| DONNIE THOMPSON, Warden, et al., | : | |
| Defendants. | : | |

## **RECOMMENDATION**

This is a 42 U.S.C. § 1983 action filed by a *pro se* prisoner, in which he has filed a motion for a preliminary injunction (Doc. 33).

In this motion, plaintiff, who was at the time relevant to this lawsuit an inmate at Calhoun State Prison, states that defendants, all officials at Calhoun State Prison, continue to violate his constitutional rights by not ordering the correct size soft shoes. Plaintiff states his feet swell in the state-issued boots. Plaintiff states he had soft shoes, but they were taken away from him during a "shakedown" on November 14, 2008 at Calhoun State Prison. Plaintiff states the soft shoes he has now are too small for his feet. Plaintiff further requests that he have his nails clipped by medical to avoid injury to his feet that may be complicated by his diabetes. Plaintiff has submitted copies of his attempts to resolve these issues through the proper channels at the prison. (Doc. 34). Plaintiff avers that, without a preliminary injunction, he may suffer permanent harm by losing his toes, foot, or leg. Plaintiff states that an injunction is in the public interest because it will save the public the additional expense of a lawsuit regarding his possible loss of a limb. Plaintiff also states that depriving inmates of "basic human needs" is contrary to the public interest. Plaintiff further requests that the court order the defendants to properly process his legal mail, and to refrain from harassing or retaliating

against him.

At the time plaintiff made the request for a preliminary injunction, he was still confined at Calhoun State Prison. Since that time, he has been transferred to Coastal Transitional Center in Savannah, Georgia. (See Doc. 38).

Under established law in this Circuit, a prisoner's claim for injunctive relief in an action under 42 U.S.C. § 1983 is mooted by his transfer or release from the facility about which he complains. *See Zatler v. Wainwright,* 802 F.2d 397, 399 (11th Cir.1986). As plaintiff has been transferred to another facility, it is the RECOMMENDATION of the undersigned that plaintiff's motion for a preliminary injunction be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS of the date of this order.

**SO RECOMMENDED**, this 19th day of May, 2010.

S// Thomas Q. Langstaff  
THOMAS Q. LANGSTAFF  
UNITED STATES MAGISTRATE JUDGE

msd