IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

CALVIN MCCLAIN,

    Plaintiff,

VS.                       Civil File Case No.
                           1 : 08-CV-159 (WLS)
DONNIE THOMPSON, Warden, et al.,

    Defendants.

## **RECOMMENDATION**

This is a 42 U.S.C. § 1983 action filed by a *pro se* prisoner. By order dated July 15, 2010 (Doc. 46), the undersigned ordered Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to keep the court apprised of his whereabouts. Plaintiff was advised by order dated January 28, 2009 (Doc. 7) that failure to advise of any change of address may result in the dismissal of this action. The record shows that mail sent to Plaintiff's last known address at the Coastal Transitional Center in Savannah, Georgia, has been returned as undeliverable on several occasions, as Plaintiff is no longer in that facility. (See Docs. 43 and 45). Plaintiff failed to provide the court with a new address, and until very recently, had not had any communication with the court since July of 2009. (See Doc. 38). Additionally, the show cause order was returned as undeliverable. (Doc. 47).

The Plaintiff did finally file a notice of his change of address to Georgia State Prison, which was dated July 20, 2010, and filed August 2, 2010. (Doc. 48). However, Plaintiff has not provided any explanation for his delay in notifying the court of his change of address, nor has he responded to the show cause order.

As it is clear that the plaintiff has failed to comply with the court order to notify the court of

his current address in a timely manner, as is evidenced that his mail has been returned as undeliverable on three separate occasions, and has failed to respond to the show cause order, the undersigned finds a willful failure on the part of the Plaintiff to comply with the order of the court.

The undersigned finds a clear record of prejudice to the Defendants, who have all filed dispositive motions in this action. (See Docs. 17 and 28). Plaintiff was advised of the filings of the dispositive motions (see Docs. 19 and 41), and was given additional time in which to respond to the motions. However, Plaintiff has yet to file a substantive response to either of the dispositive motions. The motions to dismiss have been pending for over 15 months with no response on the merits by the Plaintiff.

Upon consideration of the alternatives that are available to the Court, it is the RECOMMENDATION of the undersigned that this lawsuit be **DISMISSED** in its entirety with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice[1]. *Link v. Wabash R.R.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.,* 41 F.3d 1454, 1456-57 (11th Cir.1995); *Mingo v. Sugar Cane Growers Co-op,* 864 F.2d 101, 102 (11th Cir.1989); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985); *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir.1983).

---

[1]Additionally, it is the RECOMMENDATION of the undersigned that Defendants' motions to dismiss (Docs. 17 and 28) be **DENIED** as moot in light of the recommendation herein to dismiss this lawsuit in its entirety with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS of being served with a copy.

**SO RECOMMENDED**, this 17th day of August, 2010.

                                                 S// Thomas Q. Langstaff
                                                 THOMAS Q. LANGSTAFF
                                                 UNITED STATES MAGISTRATE JUDGE

msd