IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CALVIN MCCLAIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:08-CV-159 (WLS) |
| | : | |
| DONNIE THOMPSON, Warden, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Presently pending before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed August 17, 2010. (Doc. 50). Magistrate Judge Langstaff recommends dismissal of Plaintiff's 42 U.S.C. § 1983 action with prejudice pursuant to Fed. R. Civ. Pro. 41(b) based on Plaintiff's failure to comply with the Court's order to notify the Court of Plaintiff's current address in a timely manner and failure to respond to a show cause order. (*See* Docs. 7 and 46). The Report and Recommendation provided the Parties with fourteen days[1] from the date of its service to file written objections to the recommendation. An objection from the Plaintiff was due on September 7, 2010.[2] Plaintiff filed an objection dated September 1, 2010, on September 9, 2010. Because the response period included a holiday and the weekend, the Court considers the objection in the interests of justice and gives the Petitioner's filing the benefit of the doubt.

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

[2] Because the actual deadline for filing objections—Saturday, September 4, 2010—fell on a weekend, and Monday, September 6, 2010 was Labor Day, the deadline was extended to Tuesday, September 7, 2010. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(a)(6)(A).

**BACKGROUND**

Plaintiff filed this action against multiple defendants who were employed at the Calhoun State Prison, where Plaintiff was confined, on November 21, 2008.[3] (Doc. 3). The Defendants filed a Pre-Answer Motion to Dismiss on April 3, 2009. (Doc. 17). Plaintiff was ordered to respond to the Motion to Dismiss within twenty days on April 6, 2009. (Doc. 19). On April 23, 2009, Plaintiff filed a Motion to Continue until he was removed from segregation because he did not have access to a law library. (Doc. 27). Magistrate Judge Langstaff granted Plaintiff's Motion to Continue on May 19, 2010, thereby affording Petitioner an additional thirty days to respond.[4] (Doc. 41). Therein, Plaintiff was warned that failure to respond to the Pre-Answer Motion to Dismiss may result in the dismissal of his claim. (*Id.* at 2).

A show cause order was issued by Magistrate Judge Langstaff on July 15, 2010, after correspondence sent to Plaintiff was returned as undeliverable on two occasions.[5] (Doc. 46; *see* Docs. 43 and 45). Plaintiff had not communicated with the Court from July 15, 2009, until August 2, 2010, when Plaintiff filed a Notice of Change of Address. (*See* Docket). Plaintiff filed Objection to Report and Recommendation on September 9, 2010, and Response to Pre-Answer Motion to Dismiss on September 27, 2010.[6] (Docs. 51 and 53). The Defendants filed Response to Objection to Report and Recommendation on September 14, 2010, and Motion to Strike Plaintiff's Response to Pre-Answer Motion to Dismiss on September 30, 2010. (Docs. 52

---

[3] Plaintiff filed a Motion to Amend Complaint on February 4, 2009 (Doc. 11), which was granted on April 6, 2009 (Doc. 21). The Amended Complaint added Physician's Assistant Brown and Assistant Administrator Dee Edwards. The defendants included Donnie Thompson, Warden; Christine Cross, Deputy Warden of Care and Treatment; B. Satterfield, Medical Director; Dwayne Ayers, Doctor; Remeka Christian, Chief Counselor and Grievance Coordinator; Angela Cranshaw, Counselor; Dedra Edwards, Administrative Assistant; Brown, Physician's Assistant; and two unidentified nurses. This Court dismissed Defendants Christian, Cross, Edwards, and Cranshaw, as well as the two unidentified defendants, on September 9, 2009. (Doc. 40).
[4] The Order was returned as undeliverable on June 1, 2010. (Doc. 43).
[5] The Order was returned as undeliverable on July 27, 2010. (Doc. 47).
[6] Because Magistrate Judge Langstaff granted Plaintiff's Motion to Continue on May 19, 2010, any timely response was required to be filed by June 18, 2010.

and 54). The Defendants filed a Motion to Dismiss Plaintiff's Complaint With Prejudice on September 6, 2011. (Doc. 60). This Court ordered Plaintiff to respond to Motion to Dismiss Plaintiff's Complaint With Prejudice within 21 days on October 21, 2011.[7] (Doc. 61). To date, Plaintiff has not responded to the show cause order or the Motion to Dismiss Plaintiff's Complaint With Prejudice. (*See* Docket).

## ANALYSIS

In his Objection, Plaintiff asserts that he did not receive the show cause order (Doc. 46) or the Report and Recommendation regarding his Motion for Preliminary Injunction (Doc. 42). (Doc. 51, p. 1). Both of these documents were sent to Plaintiff and returned as undeliverable. (*See* Docs. 43 and 47). Plaintiff does not explain his failure to notify the Court of his various changes in address, except that "Plaintiff [remained] in the prison system and non-legal mail [was] forwarded to him." (Doc. 51, p. 1). Plaintiff notes that he notified the Court of a change in address regarding his transfer from Calhoun State Prison to Coastal Transitional Center, which was received on July 15, 2009. (Doc. 51, p.2; *see* Doc. 37). However, Plaintiff notes later in his objection that he was transferred from Coastal Transitional Center to Baldwin State Prison on December 22, 2009, to Calhoun State Prison on April 8, 2010, and to Georgia State Prison on July 20, 2010 (Doc. 51, p. 2-3). Plaintiff acknowledges that the only notification that he sent to the Court regarding these changes of address during this period was in regards to his transfer to Georgia State Prison. (Doc. 51, p. 3; *see* Doc. 48).

Plaintiff offers various reasons as to why he did not respond to Magistrate Judge Langstaff's show cause order and otherwise failed to communicate with the Court for a protracted period of time. First, Plaintiff explains that he obtained a job on September 9, 2009, and returned to the prison after the "administration was closed." (Doc. 51, p. 2). Second, he was

---

[7] The Order was returned as undeliverable on November 4, 2011. (Doc. 62).

injured on October 10, 2009, was under medical supervision until November 11, 2009, and was notified to obtain a different type of employment. (*Id.*) Plaintiff contends that the prison then closed for the observation of a holiday, and remained closed until January 4, 2010, due to "several serious crimes [that] were committed against private citizens." (*Id.*) Plaintiff does not explain how any of these events precluded him from remaining in contact with the Court and complying with the Court's various orders.

Third, Plaintiff asserts that he was unable to gain access to the law library for various reasons, such as his segregation based on alleged misconduct, surgery, and staffing issues with the prison library, from "late February 2010" until August 27, 2010. (*Id.* at 2-3). Again, Plaintiff fails to explain how this lack of access to the prison law library precluded him from remaining in contact with the Court.

Fourth, Plaintiff cites the mailing practices of the Georgia State Prison, and seems to harbor the belief that his failure to correspond with the Court was based in part on those practices. (*See id.* at 3). However, Plaintiff does not explain how those practices inhibited his ability to mail correspondence to the Court for over one year. Additionally, Plaintiff only cites the mailing practices of Georgia State Prison, to which he was transferred on July 20, 2010. (*Id.*) He does not explain how these practices are relevant to his failure to communicate his address changes beginning as early as December 22, 2009. (*See id.* at 2).

Plaintiff failed to explain why he had not timely responded to Magistrate Judge Langstaff's Order to Respond to Defendants' Pre-Answer Motion to Dismiss (*see* Doc. 41 at 2), show cause order (Doc. 46), or order to notify the Court of his various address changes in a timely manner (Doc. 7 at 2). Based on this lack of action by the Plaintiff, Magistrate Judge Langstaff found a willful failure on the part of Plaintiff to comply with the orders of the Court.

4

(Doc. 50). Magistrate Judge Langstaff recommends dismissal with prejudice pursuant to Fed. R. Civ. Pro. 41(b) due to a finding of prejudice to the Defendants, all of whom have filed dispositive motions, of which the Plaintiff was advised, and given additional time to respond. (*Id.* at 2). At the time of the issuance of Magistrate Judge Langstaff's Report and Recommendation currently at issue, Plaintiff had not responded to any of the Defendants' motions or the Court's orders.[8] (*See id.*)

Further, Defendants filed a Motion to Dismiss Plaintiff's Complaint With Prejudice on September 6, 2011. (Doc. 60). This Court issued an Order notifying the Plaintiff of said Motion on October 21, 2011, thereby affording the Plaintiff twenty-one days to file a response. (Doc. 61). The Order was sent to Plaintiff, but returned as undeliverable on November 4, 2011. (Doc. 62). Plaintiff has again failed to notify the Court of an address change, and has failed to contact the Court since March 30, 2011, and hence has not explained his failure to respond to this Court's Order to Respond to Defendant's Motion to Dismiss. (*See* Docket).

An action may be dismissed with prejudice under Fed. R. Civ. Pro. 41(b) where "a party engages in a clear pattern of delay or willful contempt [and] lesser sanctions would not suffice." World Thrust Films, Inc. v. Int'l Family Entertainment, 41 F.3d 1454, 1456 (11th Cir. 1995) (*quoting* Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)). Plaintiff failed to notify the court of multiple address changes, caused various items of mail to be returned as undeliverable, and was completely without contact with the Court for over one year. (*See* Docket). The Plaintiff failed to timely respond to Pre-Trial Motion to Dismiss, the show cause order, and Motion to Dismiss With Prejudice without any coherent explanation that would sufficiently justify such delay. (*See* Docket). Because Plaintiff demonstrated on various occasions that he is aware of his

---

[8] After Magistrate Judge Langstaff's Report and Recommendation, Plaintiff filed his Response to Pre-Answer Motion to Dismiss on September 27, 2010. (Doc. 53). The Defendants filed a Motion to Strike Plaintiff's Response to Pre-Answer Motion to Dismiss on September 30, 2010, as untimely. (Doc. 54).

duty to timely apprise the Court of changes of address (*see* Docs. 37, 48, 56), and has been repeatedly reminded of the importance of responding to orders by the Court (*see* Docs. 41 and 61), these failures cannot be explained as anything other than willful disregard or contempt of the Court's orders.  Furthermore, multiple defendants have been dismissed from this action, the Plaintiff has been transferred to various prisons since the original filing of this action, and more than three years have passed since Plaintiff originally filed this suit.  In light of the Plaintiff's clear failure to prosecute, the Defendants would be greatly prejudiced if this action was not dismissed with prejudice.  No other remedy will suffice.

Accordingly, Plaintiff's Objection (Doc. 51) to the Magistrate Judge's Report and Recommendation to dismiss Plaintiff's 42 U.S.C. § 1983 claim for failure to comply with the Court's order to notify the Court of Plaintiff's current address in a timely manner and failure to respond to the show cause order is **OVERRULED**.  U.S. Magistrate Judge Langstaff's August 17, 2010 Report and Recommendation (Doc. 50) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.  Accordingly, Plaintiff's Amended Complaint (Doc. 11) is **DISMISSED** with prejudice and Defendants' Pre-Answer Motion to Dismiss (Doc. 17), Motion to Dismiss Defendant Edwards (Doc. 28), and Motion to Dismiss With Prejudice (Doc. 60) are **DENIED** as moot.

**SO ORDERED**, this   13th   day of June, 2012.

 /s/ W. Louis Sands
THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT

6